UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUBY MAPP,

    Plaintiff,                    CASE NO.:   6:16-cv-726-Orl-28-DAB

-VS-

BLUESTEM BRANDS, INC. d/b/a
FINGERHUT,

    Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Ruby Mapp, by and through the undersigned counsel, and sues Defendant, Bluestem Brands, Inc. d/b/a Fingerhut (hereinafter "Bluestem"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## INTRODUCTION

1.    The TCPA was enacted to prevent companies like Bluestem from invading American citizen's privacy and prevent abusive "robo-calls."

2.    "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3.    "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our

1

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.     This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6.     Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7.     Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8.      Venue is proper in this District as Plaintiff resides within this District (Brevard, County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Brevard County, Florida.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Brevard County, Florida

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13.     Defendant, Bluestem, is a corporation formed in Delaware with its principal place of business located at 6509 Flying Cloud Dr., Eden Prairie, MN 55344 and which conducts business in the State of Florida.

14.     The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15.     Bluestem called Plaintiff on Plaintiff's cellular telephone approximately two hundred (200) times since June 1, 2015, in an attempt to collect a debt.

16.     Bluestem attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17.     Bluestem intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

18.     Upon information and belief, some or all of the calls Bluestem made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line from Bluestem.

19.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (321) ***-2758, and was the called party and recipient of Bluestem's calls.

20.     Beginning on or about June 1, 2015, Bluestem began bombarding Plaintiff's cellular telephone (321) ***-2758 in an attempt to collect on a consumer loan.

21.     On or about June 1, 2015, Plaintiff fell behind in making payments to Bluestem on her account.

22.     During one calls received in July, 2015 to her cellular telephone from Bluestem, Plaintiff answered and spoke to an unknown female agent. Plaintiff informed

4

the female agent that she wished for the calls to stop and that when she would make a payment once she had money.

23.     Plaintiff again spoke to an unknown female agent of Bluestem's on October 3, 2015 at 1:49PM and Plaintiff once more told Bluestem's agent she wished for the calls to stop.

24.     Despite Plaintiff on two occasions clearly revoking any prior express consent Bluestem may have had to place calls to Plaintiff's cellular telephone, Bluestem willingly chose to continue bombarding Plaintiff's cellular telephone with automated calls.

25.     Due to the tremendous volume of calls she received, Plaintiff was not able to properly catalogue each and every call, however attached hereto as Exhibit "1" is a small sampling of the automated calls Plaintiff received from Bluestem to her cellular telephone.

26.     Bluestem has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

27.     Bluestem has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Bluestem, to remove the number.

28.     Bluestem's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Bluestem they wish for the calls to stop.

29.     Bluestem has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

30.     Bluestem has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

31.     Bluestem has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

32.     Bluestem's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

33.     Bluestem has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

34.     Not a single call placed by Bluestem to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

35.     Bluestem willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

36.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-five (35) as if fully set forth herein.

37.     Bluestem willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Bluestem that she wished for the calls to stop.

38.     Bluestem repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Bluestem for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
**(Violation of the FCCPA)**

39.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-five (35) as if fully set forth herein

40.     At all times relevant to this action Bluestem is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

41.     Bluestem has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

42.     Bluestem has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

43.     Bluestem's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so

triable and judgment against Bluestem for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
tgomez@forthepeople.com
Florida Bar #: 0338620
Attorney for Plaintiff